IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| YARA LEE SANTOS-PADILLA. on behalf of and representing her daughter Y.R.S.<br><br>Plaintiff<br><br>vs<br><br>CARLOS MOLINA-RODRIGUEZ, former Secretary of the Department of Corrections and Rehabilitation and *De Facto* Administrator of Corrections of the Commonwealth of Puerto Rico, and the conjugal partnership formed between him and Spouse Roe I; CONFESOR MORALES, Auxiliary Administrator of Security and/or Director of Security of the Administration of Corrections, and the conjugal partnership formed between him and JANE DOE; MARK MOE, Director of the Northern Region of the Administration of Corrections, and the conjugal partnership formed between him and Spouse Doe; LT. NEFTALI RODRIGUEZ, Security Director of the Northern Region of the Administration of Corrections, and the conjugal partnership formed between him and Spouse Doe 3; JOSE ORTIZ-ROQUE, Superintendent of the Bayamón 292 Correctional Facility, and the conjugal partnership formed between him and Spouse Jane; ROCKY ROE, Superintendent of Bayamón 292 Correctional Institution, and the partnership formed between him and Spouse Doe 4 ; LT. CARLOS RODRIGUEZ-DEL VALLE, Commander of the Guard of Bayamón 292, and the conjugal partnership between him and Spouse Doe 5; LT. SEGUNDO PEREZ-MEDINA and the conjugal partnership formed between him and Spouse Doe 6; CL. ELIGIO VILLEGAS and the conjugal partnership between him and Spouse Doe 7; COMMANDER ANGEL RIVERA-VARGAS and the conjugal partnership formed between him and Spouse Doe 8; SGT. LUIS A. AMARO-RODRIGUEZ and the conjugal partnership formed between him and Spouse Doe 9; SGT. MARCELINO GONZALEZ and the conjugal partnership formed between him and Spouse Doe 10; | CIVIL 12-1369CCC |

| |
|---|
| OFFICER WILMER RIVERA and the conjugal partnership formed between him and Spouse Doe 11; OFFICER VICTOR CARMONA and the conjugal partnership formed between him and Spouse Doe 12; OFFICER AVILES and the conjugal partnership formed between him and Spouse Doe 13; OFFICER LUIS LOPEZ-VAZQUEZ and the conjugal partnership formed between h im and Spouse Doe 14; OFFICER ROLANDO IRIZARRY-FRATICHELLY and the conjugal partnership formed between him and Spouse Doe 15; OFFICER MARTIN RIVERA and the conjugal partnership formed between him and Spouse Doe 16; OFFICER JOSE QUINTERO and the conjugal partnership formed between him and Spouse Doe 17; TIMOTHY TOE, Correctional Officer, and the conjugal partnership formed between him and Spouse Doe 18; RICHARD ROE 1 and the conjugal partnership formed between him and Spouse Doe 19; WILLIAM WU and the conjugal partnership formed between him and Spouse Doe 20; RICHARD ROE 3 and the conjugal partnership formed between him and Spouse Doe 21; ABC INSURANCE; XYZ INSURANCE<br>Defendants |

**OPINION AND ORDER**

Yara Lee Santos-Padilla, "on behalf of and representing her daughter Y.R.S.," brought this action under 42 U.S.C. § 1983 for violations of her father Juan Carlos Remigio-Nazario's rights under the Fifth, Eight, and Fourteenth Amendments of the U.S. Constitution. She also bring claims under Article 1802 of the Puerto Rico Civil Code, and Articles Two and Seven of the Constitution of Puerto Rico.

Before the Court is Luis Amaro-Rodríguez, José Quintero-Crespo, Angel Rivera-Vargas, Martín Rivera-Núñez, Carlos Rodríguez-del Valle, Wilmer Rivera-Martínez,

CIVIL 12-1369CCC                                3

Confesor Morales-Rodríguez, Luis M, López-Vázquez, Iván Pérez-Medina, Eligio Villegas-Martínez, Neftalí Rodríguez-Lugo, and Rolando Irizarry-Fraticelly's ("defendants") Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) and (c) filed on July 12, 2013 (**docket entry 59**) and the opposition filed by Yara Lee Santos-Padilla "on behalf of and representing her daughter Y.R.S." ("plaintiff") on July 26, 2013 (docket entry 65).  Defendants move to dismiss the complaint for Eleventh Amendment immunity, failure to state a claim, qualified immunity, lack of standing to assert Section 1983 claims, and lack to assert a claim against the federal government.

## I.     LEGAL STANDARD FOR A MOTION TO DISMISS

Under Rule 12(b)(6), a defendant may move to dismiss an action against him for lack of federal subject-matter jurisdiction or for failure to state a claim upon which relief can be granted." Benítez-Navarro v. González-Aponte, 660 F. Supp. 2d 185, 188 (D.P.R. 2009). "In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege 'a plausible entitlement to relief'." Martínez-Díaz v. Doe, 683 F. Supp. 2d 171, 173 (D.P.R. 2010).  When ruling on a motion to dismiss the "court must accept the complaint's well-pleaded facts as true and indulge all reasonable inferences in the plaintiff's favor." Cook v. Gates, 528 F.3d 42, 48 (1st Cir. 2008).  Although "Twombly does not require heightened fact pleading of specifics . . . it does require enough facts to 'nudge [plaintiffs'] claims across the line from conceivable to plausible'." Quirós v. Muñoz, 670 F. Supp. 2d 130, 131 (D.P.R. 2009). "Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to 'raise a right to relief above the speculative level'."  Maldonado-Concepción v. Puerto Rico, 683 F. Supp. 2d 174, 175-76 (D.P.R. 2010).

CIVIL 12-1369CCC                                        4

In <u>Ashcroft v. Iqbal</u>, --- U.S. ----, 129 S.Ct. 1937 (2009), the Supreme Court upheld <u>Twombly</u> and declared two guiding principles assessment of the adequacy of a plaintiff's pleadings when evaluating whether a complaint can survive a Rule 12(b)(6) motion.  "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Iqbal</u>, 129 S.Ct. at 1949. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." <u>Id</u>. at 1950.  "Thus, any nonconclusory factual allegations in the complaint, accepted as true, must be sufficient to give the claim facial plausibility." <u>Id</u>. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id</u>., at 1949. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id</u>., at 1950.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -but it has not 'show[n]'- 'that the pleader is entitled to relief'." <u>Id</u>.  "Furthermore, such inferences must be at least as plausible as any 'obvious alternative explanation'." <u>Martínez-Díaz v. Doe</u>, 683 F. Supp. 2d at 174 (quoting <u>Ashcroft v. Iqbal</u>, 129 S.Ct. at 1950-51).  At the pleading stage a plaintiff must allege "sufficient facts to 'provide fair notice to defendant and state a facially plausible legal claim.'" <u>García Catalán v. United States of America</u>, 734 F.3d 100 (2013), quoting from <u>Ocasio Hernández v. Fortuño-Burset</u>, 640 F.3d 1, 12 (1st Cir. 2011).

**II.    FACTUAL ALLEGATIONS**

Plaintiff alleges that she is the sole heir of decedent Juan Carlos Remigio-Nazario, also known as Jonathan Alicea-Cruz.  She alleges that on May 20, 2011, Remigio-Nazario

CIVIL 12-1369CCC                                5

was announced dead by official authorities after being brutally murdered as consequence of an inmate to inmate assault.  Plaintiff indicates that at the time of his death, Remigio-Nazario was an inmate under the custody of the Administration of Corrections, held at Bayamón 292, and the assassination occurred within the victim's own housing unit, to wit, in the premises of building 5, section A.  She also indicates that Remigio-Nazario was assigned and lived in cell number 12 and, according to prison authorities, the identified executioner lived just steps away from the victim, specifically, in cell number 14.  Plaintiff alleges that prison reports show that Remigio-Nazario's death was not a one man job but the assailants were a group of inmates living in the same building of the prison.  She asserts that the execution was perpetrated first with shanks, while inflicting several stabs to the sufferer in different parts of his upper body.  She alleges that the he was particularly targeted in his neck, were he received nine vicious wounds, and that after being again and again stabbed in order to assure but not quite provoke his death, Remigio-Nazario, still alive, was thrown from the second story of the housing unit, falling from an approximate height of fifteen feet, flat to the floor, at close range and clearly visible from the prison's guard control room.[1]  Plaintiff alleges that the victim's anguish, pain, and suffering extended for approximately sixteen hours.  She indicates that the prison records report that the attack occurred on May 19, 2011 at 11:00 AM, that Remigio-Nazario was taken to the Emergency Room at Centro Médico, and that on May 20, 2011 at 3:00 AM he was declared dead.  Plaintiff also indicates that only she, of minor age, survived the victim as his sole heir.  Plaintiff alleges that all defendants "were well aware that Remigio-Nazario had been victim

---

[1] Plaintiff indicates that the fatal incident narrated and preserved by the prison's Commander of the Guard's written report, defendant Carlos Rodríguez-del Valle, states: "the inmate from cell 14 and had Jonathan Alicea-Cruz (a.k.a. Juan Remigio-Nazario) held by his feet just about to throw him from the sections' second floor, and while the officer and defendant Luis Lopez told him to refrain from throwing the victim to the floor, the aggressor ignored the order and let him fall flat to the ground."

CIVIL 12-1369CCC                                6

of threats of violence and brutal assault at the hands of fellow inmates while at Bayamón 292, that he was a witness of the Department of Justice and under protective custody, had received threats of violence and that inmates at the correctional facility had previously threatened to use shanks to attack and inflict deadly wounds on him, yet failed to take the necessary measures, procedures, practices, and precautions to preclude inmates from manufacturing, securing, hiding, and/or using shanks and to prevent such violent attacks in reckless disregard of the decedent's right to be free and secure from acts of violence by other unmates." (Allegation number 3.14 of the complaint.)

## III. ANALYSIS

### A. Eleventh Amendment Immunity

Defendants argue that the Eleventh Amendment bars plaintiff's Sections 1983 claims for damages against defendants in their official capacities. The Eleventh Amendment bars suits against states for money damages against defendants in their official capacities. Metcalf & Eddy v. P.R. Aqueduct & Sewer Auth., 991 F.2d 935, 938 (1st Cir. 1993). Consequently, all Section 1983 claims for money damages against defendants in their official capacities are dismissed and judgment shall be entered accordingly.

### B. Failure to State a Claim Under Section 1983

Defendants argue that plaintiff's Section 1983 claim against all defendants should be dismissed for failure to state a claim upon which relief could be granted, and plaintiff's Section 1983 claim against the supervisory defendants[2] should be dismissed for failure to state a claim of supervisory liability.

There is no heightened pleading standard in civil rights cases. Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 66-67 (1st Cir. 2004). The Court

---

[2]Luis Amaro-Rodríguez, Angel Rivera-Vargas, Carlos Rodríguez-del Valle, Confesor Morales-Rodríguez, Segundo/Iván Pérez-Medina, Eligio Villegas, Neftalí Rodríguez-Lugo.

CIVIL 12-1369CCC                              7

must determine whether the instant complaint satisfies the basic notice pleading requirements. Centro Médico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 5 (1st Cir. 2005). To meet those requirements the complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. Rule 8(a)(2), and must "give the defendant fair notice of what the plaintiff claim is and the grounds upon which it rests," Conley v. Gibson, 355 U.S. 41, 47 , 78 S.Ct. 99, (1957). For this purpose the Court may draw upon documents annexed to the complaint or incorporated into it, as well as matters subject to judicial notice. Centro Médico, 406 F.3d at 5. The Court must not credit "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996).

With respect to supervisory liability, the Supreme Court has stated that although government officials "may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior,"* Sánchez v. Pereira-Castillo, 590 F.3d 31, 49 (quoting Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009)), officials may be held liable "if the plaintiff can establish that her constitutional injury resulted from the direct acts or omissions of the official, or from indirect 'conduct that amounts to condonation or tacit authorization.'" Rodríguez-García v. Municipality of Caguas, 495 F.3d 1, 10 (1st Cir. 2007) (citing Whitfield v. Meléndez-Rivera, 431 F.3d 1, 14 (1st Cir. 2005). Under a direct or indirect theory of liability, the plaintiff must show that the official had actual or constructive notice of the constitutional violation." Id. (citing Lipsett v. Univ. of P.R., 864 F.2d 881, 902 (1st Cir. 1988). "An important factor in making the determination of liability is whether the official was put on some kind of notice of the alleged violations, for one cannot make a 'deliberate' or 'conscious' choice to act or not to act unless confronted with a problem that requires the taking of affirmative steps." Pembaur v. City of Cincinnati, 106 S.Ct. 1292 (1986). Supervisors may only be held liable under Section 1983 for their

CIVIL 12-1369CCC                                            8

own acts or omissions. <u>Barreto-Rivera v. Medina-Vargas</u>, 168 F.3d 42, 48 (1st Cir. 1999). Supervisory liability can be grounded on either the supervisor's direct participation in the unconstitutional conduct, or through conducts that amounts to condonation or tacit authorization. <u>Camilo -Robles v. Zapata</u>, 175 F.3d 41, 44 (1st Cir. 1999).

A careful review of the complaint leads us to conclude that plaintiff has complied with the basic notice pleading requirements and thus, has properly pleaded a claim under 42 U.S.C. § 1983. As to the liability of the supervisory defendants, plaintiff did allege that "the supervisory defendants were aware of the incidence and prevalence of inmate-on-inmate violence, were also knowledgeable of the excessive risk to inmate's - including the decedent's - health or safety that existed within the correctional institutions of the Puerto Rico Administration of Corrections, including Bayamon 292, and failed to take the necessary corrective measures to prevent such incidents and/or to minimize those risks." (allegation 3.13 of the Complaint; **see also allegations 2.3, 2.4, 2.5, 2.6, 2.10, 2.11, 3.6, 3.9, 3.12, 3.14, 3.15, 3.16**). Thus, the allegations of the complaint suffice to state a viable claim of supervisory liability under Section 1983 at the pleading stage.

### C.    Standing to sue under Section 1983

Defendants move the Court to dismiss plaintiff's Section 1983 claims on the grounds that plaintiff, as the daughter of the deceased, lacks standing to sue for the alleged deprivation of her deceased father's constitutional rights.

It is settled law in the First Circuit that family members do not have standing to sue under Section 1983 in their personal capacity. <u>Vargas v. González</u>, 135 F. Supp. 2d 305, 308 (D.P.R. 2001) (citing <u>Soto v. Flores</u>, 103 F.3d 1056, 1962 (1st Cir. 1997), *cert. denied*, 522 U.S. 819, 118 S.Ct. 71, 139 L.Ed.2d 32 (1997)). Section 1983 does not address the matter whether an action survives upon the death of a plaintiff. The United States Supreme Court has held that under 42 U.S.C. Section 1988, state law determines the survival of a

CIVIL 12-1369CCC                              9

Section 1983 action. Rivera v. Medina, 963 F. Supp. 78, 84 (D.P.R. 1997) (citing Robertson v. Wegmann, 436 U.S. 584, 98 S.Ct. 1991 (1978)).  Puerto Rico does not have a survivorship statute dealing with tort cases specifically. Rivera, 963 F. Supp. at 84.  The Supreme Court of Puerto Rico has held that survivorship is generally encompassed within Article 1802 of the Puerto Rico Civil Code. Id. (citing Vda. De Delgado v. Boston Ins. Co., 101 D.P.R. 598, 600 (1973).  Under Article 1802 of the Puerto Rico Civil Code, damages for the conscious pain and suffering of plaintiff's decedent, as opposed to damages for his immediate death, are recoverable in wrongful death negligence cases. Mangual v. Toledo, 536 F. Supp. 2d 127, 134 (D.P.R. 2008) (citing Vda. De Delgado, 101 D.P.R. at 598); see also Reyes Vargas v. Rosselló González, 135 F. Supp. 2d 305 (D.P.R. 2001) (concluding in a case where an inmate had been stabbed to death by other inmates, that Puerto Rico law permits an heir to bring a Section 1983 action in his representative capacity when there is a showing that the deceased has suffered prior to his death).

The law of Puerto Rico allows a person's pain and suffering before his death to transmit to be transmitted to his immediate heir(s), who can bring an action claiming damages for the deceased's pain. Minor Y.R.S. is allowed as heir of Juan Carlos Remigio-Nazario to bring this Section 1983 claim in a representative capacity for the pain allegedly suffered by her father prior to his death.  Plaintiff Yara Lee Santos-Padilla on behalf of her daughter Y.R.S., has standing to pursue her minor daughter's inherited claim under Section 1893.

####    D.   Fifth Amendment Claim

Defendants also move to dismiss plaintiff's Fifth Amendment claim on the grounds that the Fifth Amendment is inapplicable to causes of action against public officials in Puerto Rico.  Plaintiff contends that the Fifth Amendment does apply to Puerto Rico.  It has long been established that the Fifth Amendment applies only to actions of the federal

CIVIL 12-1369CCC                                   10

government, not those of private individuals or of state governments. <u>Mangual</u>, 536 F. Supp. 2d 127, 133 (citing <u>Pub. Utilities Comm'n v. Pollak</u>, 343 U.S. 451, 72 S.Ct. 813, 96 L.Ed. 1068 (1952); <u>Gerena v. P.R. Legal Services, Inc.</u>, 697 F.2d 447, 449 (1983). In the instant action there are no federal actors present as parties, nor have plaintiffs alleged any federal action or omission. The Court will enter judgment dismissing the Fifth Amendment claim, with prejudice.

### E. **Qualified Immunity**

As to the qualified immunity defense raised by defendants'"[t]he threshold inquiry [when determining whether an official is entitled to qualified immunity] is whether the plaintiff's allegations, if true, establish a constitutional violation." <u>Siegert v. Gilley</u>, 500 U.S. 226, 232 (1991). Plaintiff alleges that defendants violated the decedent's rights which protect his safety and his bodily integrity, deprived him of his enjoyment of life without due process of law and inflicted cruel and unusual punishment upon him, all in violation of the Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States (allegation 4.2 of the Complaint). Plaintiff's allegations also assert a violation of decedent's constitutional protected rights under the Eight and Fourteenth amendments to protect prisoners from violence at the hands of other prisoners. <u>Purvis v. Ponte</u>, 929 F.2d 822 (1st Cir. 1991). Plaintiffs raise sufficient allegations to defeat the qualified immunity defense as this stage of the pleadings. Therefore, defendants are not entitled to qualified immunity at this time.

### IV.    CONCLUSION

The Court GRANTS in part and DENIES in part defendants' Motion to Dismiss (**docket entry 59**). The Court shall enter judgment dismissing, with prejudice, all Section 1983 claims against defendants in their official capacities and the Fifth Amendment claims. Plaintiff's Section 1983 claims, in a representative capacity, for violation of the

CIVIL 12-1369CCC                                         11

decedent's rights under the Eighth and Fourteenth Amendments of the United States Constitution against defendants in their personal capacities, as well as plaintiff's claim under Article 1802 of the Puerto Rico Civil Code and Articles Two and Seven of the Constitution of Puerto Rico, remain pending before the Court.

    SO ORDERED.

    At San Juan, Puerto Rico, on March 31, 2014.


                                            S/CARMEN CONSUELO CEREZO
                                            United States District Judge